IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KEVIN CHARLES BALEY,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-12-CA-493-SS |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |
| Respondent. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 3); Respondent's Answer (Document 10); and Petitioner's reply (Document 12). Petitioner, proceeding pro se, has paid the applicable filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

STATEMENT OF THE CASE

A.     **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, in cause no. 10-598-K277. Petitioner was charged by indictment with three counts of promotion of child

pornography and thirty-seven counts of possession of child pornography. On January 25, 2011, Petitioner pleaded guilty to two counts of promotion of child pornography and true to an enhancement paragraph, pursuant to a plea agreement. Thereafter, the trial court accepted Petitioner's plea and sentenced him to two consecutive terms of life imprisonment pursuant to the plea agreement. The other thirty-eight counts were dismissed. As part of his plea agreement, Petitioner waived his right to appeal.

Petitioner challenged his convictions in a state application for habeas corpus relief. On May 2, 2012, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. Ex parte Baley, Appl. No. 63,150-02.

**B.**     **Petitioner's Grounds for Relief**

Petitioner contends trial counsel was ineffective for allowing him to plead guilty and waive his right to appeal pursuant to a plea agreement that violates the Double Jeopardy Clause.

**C.**     **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.**     **The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court recently had the opportunity to summarize the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, – U.S. –, 131 S. Ct. 770, 783-85 (2011). The Court noted that the

starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id.  Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning."  Id. (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)."  Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief."  Id.  And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that

3

decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28

U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

**B.     Guilty Plea**

Petitioner contends counsel rendered ineffective assistance of counsel because he failed to inform him that the State's plea offer would result in sentences that Petitioner alleges violate the Double Jeopardy Clause and, instead, improperly advised Petitioner to plead guilty under the agreement.

To be valid, a guilty plea must be voluntary, knowing and intelligent. United States v. Washington, 480 F.3d 309, 315 (5th Cir. 2007). The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160 (1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." Matthew v. Johnson, 201 F.3d 353, 364-65 (5th Cir. 2000). The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel. Washington, 480 F.3d at 315 (citation omitted). Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." Matthew, 201 F.3d at 365 (quoting Brady v. United States, 397 U.S. 742, 750, 90 S. Ct. 1463 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of

5

every consequence that, absent a plea of guilty, would not otherwise occur." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." Id. at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings except claims of ineffective assistance of counsel relating to the voluntariness of the plea. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann v. Richardson, 397 U.S. 759, 770-71, 90 S. Ct. 1441 (1970).

Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602 (1973); see also United States v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S. Ct. 1708 (1980) (quoting McMann v. Richardson, 397 U.S. 759, 770-71, 90 S. Ct. 1441 (1970)). "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." Argersinger v. Hamlin,

407 U.S. 25, 34, 92 S. Ct. 2006 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. See Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992). To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

There is no evidence in this case that Petitioner did not have a clear understanding of the proceedings against him, the nature of the offense for which he was charged, or the consequences of entering his plea. Petitioner was admonished with regard to the range of punishment, signed the waiver of rights and agreements in connection with plea of guilty, stipulated to the evidence in the case, and signed the agreed punishment recommendation. Ex parte Baley, Appl. No. 63,150-02 at 70-73. There is simply no evidence that Petitioner's plea was not voluntary, knowing and intelligent.

The state court in reviewing Petitioner's state application for habeas corpus relief specifically found:

> 4. On January 25, 2011, Applicant pleaded guilty to two counts of possession of child pornography with the intent to promote and was sentenced to two life sentences pursuant to a plea agreement. Under the terms of the plea agreement, Applicant agreed that his sentences would run consecutively and the State agreed to dismiss the remaining thirty-eight counts of possession of child pornography with the intent to promote and possession of child pornography.
>
> 5. In the "Waivers, Consent, Judicial Confession and Plea Agreement," signed by Applicant, Applicant judicially confessed to the offenses for which he was

        convicted and acknowledged that he was pleading true to the enhancement allegation.

6. In the "Waivers, Consent, Judicial Confession and Plea Agreement," Applicant agreed that he would serve two consecutive life sentences and that the State would abandon the remaining thirty-eight charges against him.

7. In the "Waivers, Consent, Judicial Confession and Plea Agreement," Applicant voluntarily waived his right to a jury trial and voluntarily waived his right to appeal.

8. In the "Waivers, Consent, Judicial Confession and Plea Agreement," Applicant acknowledged that he was aware of the consequences of his plea and that this attorney had advised him of his rights.

9. At Applicant's plea and sentencing hearing, held January 25, 2011, Applicant stated to the Court that he could read and write the English language, was a citizen of the United States, and had no history of mental problems.

10. Applicant's attorney informed the Court that he had met with Applicant on more than one occasion and that Applicant was competent to stand trial.

11. The Court asked Applicant if he understood that he was charged with three counts of promotion of child pornography and thirty-seven counts of possession of child pornography. Applicant replied that he understood the charges against him.

12. The Court informed Applicant that the State was proceeding on only two counts of promotion of child pornography and asked how Applicant pleaded to those charges. Applicant responded that he was pleading guilty to both counts of promotion of child pornography.

13. The Court informed Applicant that the State was seeking to enhance his punishment with a prior felony conviction and asked how Applicant pleaded to the enhancement. Applicant responded that the was pleading "true" to the enhancement.

14. The Court asked Applicant whether he understood that based on his guilty plea and his plea of "true" to the enhancement, that the punishment range he faced for each count was that for a first degree felony, which included a sentence of up to life in prison. Applicant responded that he understood.

15. The Court asked Applicant whether he was pleading guilty to both counts of promotion of child pornography and pleading true to the enhancement allegation on both counts because he was guilty and for no other reason. Applicant responded that he was.

16. Applicant acknowledged that no one had promised him early release from his sentence, had threatened him, or had forced him into pleading guilty and true. Specifically, Applicant maintained that he was not pleading guilty and true because he was afraid or because his attorney was forcing him to do so.

17. Applicant agreed that he was entering his guilty plea and plea of true voluntarily.

18. The Court asked Applicant whether he had read the "Admonitions to the Defendant" and "Waivers, Consent, Judicial Confession and Plea Agreement" he signed. Applicant stated that he did, that he had gone over the documents with his attorney, and that he understood them all.

19. The Court asked Applicant whether he gave up his right to a jury trial and Applicant replied that he did.

20. When the Court asked Applicant, "You understand we're set for trial next week?" Applicant stated, "Yes, sir. I felt that I've wasted the Court's time, and I needed to get this over and done with." The Court related, "Your decision to plead guilty as long as it's voluntary is fine with the Court, but your decision to plead not guilty is fine with the Court too, if that's what you chose, and that's what I do; I provide jury trials for people who want jury trials. So it's not a waste of my time to have a jury trial." Applicant replied, "I plead guilty."

21. The Court asked Applicant's attorney whether he had reviewed the "Admonitions to the Defendant" and "Waivers, Consent, Judicial Confession and Plea Agreement" with Applicant and counsel responded he did. Trial Counsel indicated that Applicant understood the documents and that Applicant was entering his guilty plea voluntarily.

22. The Court found Applicant competent to stand trial, that he was not influenced by fear or persuasion to enter his guilty plea, and accepted Applicant's pleas of guilty and true.

23. Applicant then judicially confessed in open Court to possessing with intent to promote two images of child pornography on or about April 19, 2010 in Williamson County, Texas. Specifically, Applicant agreed that he was

       chatting online with an undercover police officer, who Applicant believed to be a thirteen year-old boy, and that he sent the officer e-mails which contained the images of child pornography alleged in Counts One and Two of the indictment.

24. Applicant acknowledged that on June 5, 1995, he was convicted of indecency with a child in Cause No. 94-829-K368 in the 368th Judicial District Court of Williamson County, Texas.

25. Applicant acknowledged that his attorney had done extensive discovery and had been provided a copy of Applicant's statement to police in which Applicant confessed to possessing child pornography. Applicant also agreed that his attorney hired an expert who conducted a forensic examination of Applicant's computer.

26. Applicant stated that he understood that if he went to trial on all of the counts alleged in the indictment, that the Court could stack all of his sentences.

27. When asked if he had any complaints about his attorney's representation, Applicant stated that he did not. When asked if he felt his attorney had done a fair job for him, Applicant stated that he did.

28. Applicant's attorney then asked Applicant whether he had visited Applicant at the jail as often as Applicant had liked and whether he had answered all of Applicant's questions. Applicant responded that he had.

29. Applicant's attorney asked whether there was anything he had not done that Applicant had requested of him. Applicant replied, "You've done everything I asked."

30. Applicant then acknowledged that he understood that his sentences were being stacked and that his sentence in Count Two would not begin to run until his sentence in Count One had ceased to operate.

31. The Court found that the evidence supported Applicant's pleas, found Applicant guilty of two counts of promotion of child pornography, found the enhancement allegation true and sentenced Applicant to two life sentences, ordered to be run consecutively pursuant to the plea agreement.

32. The Court stated that it had received a written waiver of appeal and asked Applicant if he wished to waive his right to appeal. Applicant responded that he did.

Ex parte Baley Appl. No. 63,150-02 at 51-54.

    The trial court concluded:

> 5.    Where a defendant voluntarily waives his right to concurrent sentences and agrees to consecutive sentences based on more than one offense committed during the same criminal episode, double jeopardy concerns are not implicated. Ex parte McJunkins, 954 S.W.2d 39, 41 (Tex. Crim. App. 1997), citing United States v. Broce, 488 U.S. 563 (1989).
>
> 6.    Applicant's plea in which he agreed to consecutive sentences for two counts of child pornography in exchange for thirty-eight remaining charges being dismissed, was knowingly, and voluntarily entered and therefore, does not implicate double jeopardy. Ex parte McJunkins, 954 S.W.2d 39, 41 (Tex. Crim. App. 1997), citing United States v. Broce, 488 U.S. 563 (1989).

Id. at 54-55.

    Moreover, Petitioner has failed to establish his counsel performed deficiently or that he was prejudiced thereby under the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under Texas law, each item of child pornography constitutes an "allowable unit of prosecution" with respect to charging the crimes of possession or promotion of child pornography. Vineyard v. State, 958 S.W.2d 834, 838 (Tex. Crim. App. 1998). Petitioner's offenses are based on his promotion of two different items of child pornography even though Petitioner indicates they were transmitted in one e-mail to the undercover officer posing as a minor. Petitioner fails to provide any legal authority on point that supports his contention that his convictions based on two different items of child pornography are barred by the Double Jeopardy Clause because they were sent in one e-mail transmission. As such, counsel was not deficient for failing to provide inaccurate advice to Petitioner. Petitioner also could not have been prejudiced by that failure.

In reviewing his state application for habeas corpus relief the trial court concluded:

9. Applicant is not entitled to habeas corpus relief with regards to his ineffective assistance of counsel claims because he has not shown counsel's performance was deficient or that counsel's advice was outside the range of competence demanded of attorneys in criminal cases. Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997); Strickland v. Washington, 466 U.S. 668 (1984). Further, Applicant does not allege, let alone prove, that but for counsel's allegedly deficient performance, he would not have plead guilty. Kober v. State, 988 S.W. 2d 230, 232 (Tex. Crim. App. 1999); Strickland v. Washington, 466 U.S. 668 (1984).

10. Furthermore, Applicant received a beneficial plea agreement in that his punishment exposure was limited to two consecutive life sentences rather than three consecutive life sentences and thirty-seven consecutive twenty-year sentences. Counsel's advice to accept the State's offer and waive his right to appeal was well-reasoned advice. See Strickland v. Washington, 466 U.S. 668 (1984).

Id. at 55.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief.

## RECOMMENDATION

It is therefore recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

13

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of March, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE